IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MICHELLE MAY, )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>SPM RESORTS; BLUEBEARDS CASTLE )<br>RESORTS; BILL YOUNG AS )<br>PRESIDENT AND COO OF SPM )<br>RESORTS (IN HIS INDIVIDUAL AND )<br>CORPORATE CAPACITIES); )<br>MARGARET JOHNSON, GENERAL )<br>MANAGER OF BLUEBEARDS CASTLE )<br>(IN HER INDIVIDUAL AND )<br>CORPORATE CAPACITIES); KAREN )<br>MIDDLETON, CORPORATE HUMAN )<br>RESOURCES MANAGER (IN HER )<br>INDIVIDUAL AND CORPORATE )<br>CAPACITIES); BLUEBEARDS BOARD )<br>OF DIRECTORS (IN THEIR )<br>INDIVIDUAL AND CORPORATE )<br>CAPACITIES), )<br>)<br>         Defendants. )<br>_____ ) | Civil No. 2012-78 |

## **ORDER**

Before the Court is a document filed by plaintiff and entitled "Notice of Compliance with the Court's Order Dated March 23, 2013" (the "Notice") [DE 22]. This filing, which is not in the form of a motion, purports to respond to an Order of this Court entered at docket entry 12, and seeks certain specified relief.

A bit of history is in order. Plaintiff filed the complaint in this matter on October 5, 2013. After more than 120 days had passed and no proof of service had been filed on the docket, the Court, *sua sponte*, issued an Order [DE 7] requiring plaintiff to file proof of service or show

*May v. Bluebeards Castle, Inc. et al.*
Civil No. 2012-78
Page 2

cause, by March 7, 2013, why this matter should not be dismissed for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m). On March 8, 2013, after the Court's deadline had expired, plaintiff filed a Motion for Leave to Perfect Service Out of Time [DE 8]. Plaintiff explained that the failure to serve was primarily because she was in the process of retaining different counsel to represent her. The Court, although not finding good cause for the failure to serve, exercised its discretion and extended the time for service through April 30, 2013. [DE 9]. No proof of service was filed on the docket thereafter, nor has there been service to date. Rather, on May 21, 2013, new counsel filed an appearance for plaintiff [DE 10]. On May 23, 2013, the Court again ordered plaintiff to file proof of service or show cause by May 27, 2013, why the case should not be dismissed for failure to serve [DE 12]. Plaintiff initially purported to respond to the Order to show cause on May 28, 2013, after the deadline, but then withdrew that filing [DEs 19, 21]. The instant Notice, filed on May 29, 2013, followed.

The Court first notes that it entered no Order dated March 23, 2013. Presumably, what plaintiff intended was something in response to the Court's May 23 Order, notwithstanding that in two separate attempts, plaintiff did not refer to that Order. Second, plaintiff's Notice in no way can be construed as properly responding to the Court's directive to show cause why the matter should not be dismissed for failure to serve either in accordance with the federal rules or in compliance with the Court's previous Order extending time. Plaintiff merely cites "confusion over representation" and that she was "off island for an extended period." Neither of these reasons, in light of this case's history, amounts to good cause.

Finally, plaintiff asks, in the absence of good cause and without a motion, for yet another, lengthy extension of time in which to serve defendants, none of whom are alleged to be difficult to locate or otherwise inaccessible.

As explained in the Court's prior Order of March 18, 2013 [DE 9], a court may grant a discretionary extension of time for service even where good cause is not established, and the Court of Appeals for the Third Circuit has expressed its preference that cases be decided on the merits, rather than by procedural technicalities. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *see also Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.V.I. 2001) (finding it preferable to decide cases on their merits and that magistrate judge properly exercised discretion by extending time for service under Rule 4(m), where attorney failed to move for extension before 120 day period and may have been dilatory in locating defendant). This discretion is not unbounded, however, especially where plaintiff has not even attempted to discuss whether the relevant factors weigh in favor of an additional extension here.

Nevertheless, the Court finds the factors outlined by the Third Circuit in *Chiang v. United States SBA*, 331 Fed. Appx. 113, 116 (3d Cir. 2009) and other cases weigh in favor of another short discretionary extension of time to serve process in this case. Plaintiff is cautioned, however, in view of repeated failures to comply with deadlines set by the rules and by this Court, that further requests for extensions are not likely to be looked upon with favor.

The premises considered, it is hereby ORDERED that the time in which plaintiff must serve defendants with process is extended to June 19, 2013.

**Dated:** May 30, 2013         S\_____
                                **RUTH MILLER**
                                United States Magistrate Judge